CASE 34—PETITION ORDINARY—APRIL 21.

# Rogers' Adm'r v. Hughes, &c.

APPEAL FROM NICHOLAS CIRCUIT COURT.

WILLFUL NEGLECT.—In an action to recover damages for a personal injury resulting from willful neglect, it is sufficient to aver the extent of the injury, and the manner of its infliction, without stating the facts constituting the willful neglect; but, if it appears from the state. ment of the manner in which the injury was inflicted, that the alleged injury could not reasonably have been expected to result from the act of the defendant, no cause of action is stated, and a demurrer to the petition should be sustained.

In this action by the personal representative, under section 3, of chapter 57, of the General Statutes, to recover damages for the de-

struction of the life of his intestate by the willful neglect of the defendant, it is stated that the intestate was of feeble mind and without will-power to control his appetite for liquor; that the defendant knew this, and carelessly, and with willful neglect, furnished him with liquor, and tempted, caused and induced him to drink to such excess as to die therefrom in a few hours thereafter. *Held*—That a demurrer to the petition was properly sustained, as the use of the liquor, though immoderate, was not reasonably calculated to produce death.

HANSON KENNEDY AND THOS. KENNEDY FOR APPELLANT.

1. In action to recover damages for willfully negligent wrong to another, it is not necessary to allege the particular circumstances constituting the willful negligence. (2 Chitty on Pleading, 650; Bliss on Code Pleading, sec. 211; Childs v. Drake, 2 Met., 146.)
2. The degree of care required to be exercised depends upon the age, the mental and physical condition of the person injured when known to the person inflicting the injury. (Branson's Adm'r v. Labrot, 81 Ky., 642; Dixon v. Bell, 5 Maule & Selwin, 198; Sherman and Redfield on Negligence, sec. 10.)

JOHN P. NORVELL FOR APPELLEE.

Brief not in record.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The administrator of John Rogers seeks to recover damages of the appellee, John Hughes, under section 3, chapter 57, of the General Statutes, which provides as follows: "If the life of any person or persons is lost or destroyed by the willful neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then the widow, heir or personal representative of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of the life aforesaid."

A general demurrer to the petition was sustained. Two amended petitions, which were tendered and are

a part of the record by a bill of exceptions, were rejected, and the action then dismissed. The averments of both the petition and the amended petitions must, therefore, be considered and taken as admitted upon this appeal. They, in substance, state that the intestate was of feeble mind and without will-power to control his appetite for liquor ; that the appellee knew this, and carelessly and with willful neglect furnished and gave it to him, and tempted, induced and caused him to drink to such excess as to die therefrom, in a few hours thereafter. Do they constitute a cause of action under the statute ?

In an action for a personal injury resulting from willful negligence, it is not necessary, in order to show that it was so occasioned, to plead the particular circumstances attending it. It is sufficient to aver the extent of the injury and the manner of its infliction. The facts constituting the willful neglect need not be stated. Thus, a petition stating that the defendant, through willful neglect, shot and killed the deceased, is sufficient. In this instance, however, although it is stated that the killing was through willful neglect, yet it is averred that the manner of it was by furnishing liquor to the deceased and inducing and causing him to drink it to such an extent as to result in death. There is no averment that it was furnished in violation of law. Undoubtedly the use of it is an evil, as is attested by the untimely death of thousands annually ; but it is not dangerous *per se* like a loaded weapon ; and the presumption is that the appellee, in this instance, had the right under the law to give it to the deceased. It is unlike placing a loaded gun or a recognized deadly

poison in the hands of a child. In such a case a fatal result might naturally be expected. Every reasonable person would look for it.

Here, however, the death resulted from the immoderate use of an article which, while it is injurious to man, was not reasonably calculated to produce a deadly result. It could not reasonably be expected that it would be a proximate cause of death, and that it would probably result therefrom. If the statute is to be so extended as to embrace such a case, then it would be difficult to fix its limit. There are other articles of food and drink which are, to some extent, injurious to the human system, and the excessive use of which might sometimes result in death. Certainly the statute should not be so construed as to hold one responsible for willful neglect in furnishing them, although the party receiving them might so use them as to produce a fatal result. A standard of action must be applied which is reasonable, and suited to the ordinary judgment and business of life.

It is urged, however, that the petition avers that the appellee "caused him to drink the same to excess;" and it is suggested that it might be shown upon the trial that he forced him to do so by threat or otherwise. The averment is of an indefinite character; but assuming that it means the employment of force even, then it would not be a case of neglect. Such conduct, resulting in death, might be of a criminal character, depending upon the circumstances of the case. It can not avail, however, in this character of action, that the deceased was of feeble mind.

The ground of it is willful neglect; and, as already

stated, it could not be reasonably apprehended that even the immoderate use of the article furnished would result in death. Such a case is not embraced by the statute.

Judgment affirmed.