## COFFEY *v.* COUNTY OF HARLAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

No. 177.   Argued January 24, 1907.—Decided February 25, 1907.

The power of the State to enact laws creating and defining crimes against
its sovereignty, regulating procedure in the trial of those charged with
committing them, and prescribing the character of the sentence of those
found guilty is absolute and without limits other than those prescribed
by the Constitution of the United States.

The statute of Nebraska, providing that one embezzling public money shall
be imprisoned and pay a fine equal to double the amount embezzled,
which shall operate as a judgment for the use of the persons whose money
was embezzled, is not unconstitutional as depriving the person con-
victed of embezzlement of his property without due process of law be-
cause it provides for such judgment irrespective of whether restitution
has been made or not.

In such a case the fine is a part of the punishment and it is immaterial
whether it is called a penalty or a civil judgment, and the only question
on which defendant can be heard is as to the fact and amount of the
embezzlement, and if he has an opportunity to be heard as to that he
is not denied due process of law.

THE facts are stated in the opinion.

*Mr. C. C. Flansburg,* with whom *Mr. R. O. Williams* was
on the brief, for plaintiff in error:

An unconstitutional statute affords protection to no one
who has acted under it. And the judgment rendered in
accordance with its mandate is a nullity everywhere. *Si-
monds* v. *Simonds* 103 Massachusetts, 572; *Campbell* v. *Sher-
man,* 35 Wisconsin, 103; *Monore* v. *Collins,* 17 Ohio St. 665;
*Astrom* v. *Hammond,* 3 McLean, 107; *Woolsey* v. *Dodge,* 6
McLean, 142.

A judgment rendered by the court upon a matter not within
the pleadings nor tendered by the issues of the case must be
treated as a nullity. *Reynolds* v. *Stockton,* 43 N. J. Eq. 211;

*S. C.,* 140 U. S. 254; *Munday* v. *Vail,* 34 N. J. L. 418; *Unfried* v. *Heberer,* 63 Indiana, 67; *Smith* v. *Ontario,* 18 Blatchf. 454.

A judgment in a criminal case is not a bar in a civil case and cannot be pleaded as an estoppel. *United States* v. *Schneider,* 35 Fed. Rep. 107; *Coffey* v. *United States,* 116 U. S. 436; *Betts* v. *New Hartford,* 25 Connecticut, 180; *Clark* v. *Irwin,* 9 Ohio, 131; *Mead* v. *Boston,* 3 Cush. 404; *Corbley* v. *Wilson,* 71 Illinois, 209; *Ches. & O. Ry.* v. *Dyer County* (Tenn.), 11 S. W. Rep. 943, 945; *Hutchinson* v. *The Bank &c.,* 41 Pa. St. 42; Wharton, Evidence, § 777; *Potter* v. *Baker,* 19 N. H. 166.

*Mr. J. W. Deweese,* with whom *Mr. W. A. Myers* and *Mr. W. S. Morlan* were on the brief, for defendant in error:

At common law, a fine could be enforced by levy of execution and a sale of property thereunder. Statutes providing for the issuance of execution upon a fine are declaratory of the common law. *Gill* v. *State,* 39 W. Va. 479; *Howard* v. *Fuller,* 100 Kentucky, 148; *Huddleson* v. *Ruffin,* 6 Ohio St. 604; *Ex parte Dickerson,* 30 Texas, 448; *State* v. *Terry,* 17 S. W. Rep. 1075.

A statute that provides, as part of the punishment for embezzlement, for a fine for the use of the party whose money or property has been embezzled, is not unconstitutional for the reason that it makes the amount of the fine equal to double the amount of money or property embezzled. *Mo. Pac. Ry. Co.* v. *Humes,* 115 U. S. 512; *Minneapolis & St. L. Ry. Co.* v. *Beckwith,* 129 U. S. 26; *Mier* v. *Phillips Fuel Co.,* 107 N. W. Rep. 621.

The construction of a state statute and its effect upon sheriff's sale of land as determined by the highest court of a State, is conclusive upon the Federal court as to the land in that State. *Henry* v. *Pittsburg Clay Mf'g Co.,* 80 Fed. Rep. 485.

The constitutionality of a state statute cannot be attacked on the ground that it is repugnant to the clause of the Four-

teenth Amendment prohibiting a State from depriving any person of property without due process of law, by one who is not thereby deprived of any property.

If there had been, prior thereto, any doubt as to the validity of the county's title to the land in question, that question was resolved in its favor by the proceedings brought against John Everson for destroying the timber on the premises, and the matter is one that has been adjudicated. *Everson* v. *State*, 66 Nebraska, 154.

"Due course of law" simply means that a person should be brought into court and have an opportunity to prove any fact for his protection; the regular course of the administration of the law being through courts of justice by timely and regular proceedings to judgment and execution, according to the fixed forms of law. *Morley* v. *Lake &c.*, 146 U. S. 162; *Murray* v. *Hoboken Land Co.*, 18 How. 272; *People* v. *Essex County*, 70 N. Y. 229; *Central Land Co.* v. *Laidley*, 159 U. S. 103.

MR. JUSTICE MOODY delivered the opinion of the court.

The plaintiff in error, a citizen of Kansas, brought an action of ejectment against the defendant in error, a citizen of Nebraska, in the Circuit Court for the District of Nebraska, where there was judgment for the defendant, which is brought here by writ of error on a constitutional question. The land sought to be recovered was once the property of Ezra S. Whitney, through whom both parties claim title; the plaintiff, through a deed of the land executed and delivered by Whitney, on November 30, 1898; the defendant, under a sale of the land on execution in pursuance of a levy duly made on April 12, 1898. The defendant's paper title is therefore the earlier one and must prevail if the sale upon execution was valid. The validity of this sale is the only question in the case.

The execution issued on a judgment in a criminal case, in which, by information, Whitney was charged with the

embezzlement, while County Treasurer of Harlan County, in the State of Nebraska, of eleven thousand one hundred and ninety dollars of the public money in his possession by virtue of his office. Upon trial by jury Whitney was found guilty as charged and sentenced to imprisonment for a term of years, and to "pay a fine in the sum of $22,390," which was double the amount of the embezzlement found by the jury. On appeal the conviction was affirmed by the Supreme Court of Nebraska. *Whitney* v. *State*, 53 Nebraska, 287. The sentence awarded was that prescribed by section 124 of the Nebraska criminal code, which provides that a public officer who embezzles the public money "*shall be imprisoned in the penitentiary not less than one year nor more than twenty-one years, according to the magnitude of the embezzlement, and also pay a fine equal to double the amount of money or other property so embezzled as aforesaid, which fine shall operate as a judgment at law on all of the estate of the party so convicted and sentenced, and shall be enforced to collection by execution or other process for the use only of the party or parties whose money or other funds, property, bonds or securities, assets or effects of any kind as aforesaid has been so embezzled.*" Compiled Statutes of Nebraska, 1903, p. 1942.

The proceedings which ended in the sale on execution under which the defendant claims title were in conformity with the constitution and laws of Nebraska, and the sheriff's deed vested title in the defendant. *Everson* v. *State*, 66 Nebraska, 154. It is within the power of the State to enact laws creating and defining crimes against its sovereignty, regulating the procedure in the trial of those who are charged with committing them, and prescribing the character of the sentence which shall be awarded against those who have been found guilty. In these respects the State is supreme and its power absolute, and without any limits other than those prescribed by the Constitution of the United States. The exercise of the power of the State in this field cannot be drawn in question in this court or elsewhere than in its own courts, except for

the purpose of restraining it within the limits thus established. One of the limitations upon the power of the State, imposed by the Fourteenth Amendment, is that the State shall not deprive any person of life, liberty or property without due process of law. The plaintiff contends that the sentence awarded against Whitney violated this prohibition, in that Whitney had no opportunity to be heard upon and defend against that part of the sentence which imposed a fine and authorized a judgment against his estate for its collection. The plaintiff therefore insists that the sale on execution of Whitney's land was bad, because the execution issued upon a judgment which was void. The short and conclusive answer to the whole contention is, that it is not true in fact. Whitney was given an opportunity to be heard and to defend. The information charged him with embezzling $11,190, the property of Harlan County. The trial was had upon this information and the jury returned a verdict in the following terms:

"We, the jury, duly empanelled and sworn in the above-entitled cause, do find the defendant guilty, as charged in the information, and we further find the sum so embezzled to be $11,190." Thereupon it became the duty of the court to impose a sentence of imprisonment of not less than one year nor more than twenty-one years, and of a fine that should be equal to double the amount of the money embezzled. This was done. The case was then appealed to the Supreme Court of Nebraska, argued by counsel and the conviction affirmed. It is idle to say that Whitney was denied a hearing, or an opportunity for every defense, permitted to him by the laws of Nebraska.

The plaintiff in error rests his contention upon some language used by the Supreme Court of Nebraska in *Everson* v. *State, ub. sup.* In that case Everson was convicted of a trespass upon the land in dispute. He defended against the charge by claiming title through the deed from Whitney, under which, as Everson's grantee, the plaintiff in this case claims title. The State on the other hand contended that the title .

was in Harlan County by virtue of the sale on execution hereinbefore stated. Everson, asserting, as the plaintiff here asserts, that the execution sale passed no title, attacked the judgment upon which it was issued upon two grounds:

First, that the law under which it was rendered was repealed by a subsequent provision of the Constitution of the State.

Second, that it was unconstitutional in inflicting a double punishment, in that the fine was added to imprisonment.

In overruling these two contentions the court described the statute as one giving a fixed sum "in the nature of liquidated damages . . . to one who has suffered injury by the wrongful act of a public officer," and said: "We do not care to put ourselves on record as holding that the return of the property or the value of the property which the thief has embezzled or stolen, either voluntarily or by compulsory process, should be considered any part of his punishment within the meaning of our Bill of Rights," p. 158. Seizing hold of this language, the plaintiff in error in this case argues that by an interpretation of the statute binding upon us it authorizes a mere civil judgment for damages, against which the defendant has been denied the right to defend, by showing that his civil liability for the embezzlement had been discharged, and that therefore the judgment was wanting in due process of law. But this argument misinterprets the decision of the Supreme Court of Nebraska by giving to its language a meaning not expressed or intended.

As part of the consequences of a conviction of the crime of embezzlement by a public officer, the law of Nebraska provides that a fine double the amount embezzled shall be inflicted, which shall operate as a judgment against the estate of the convict. It is not of the slightest importance whether this fine is called a penalty, a punishment, or a civil judgment. Whatever it is called, it comes to the convict as the result of his crime. The amount of the judgment is fixed by the amount of the embezzlement, and not by the amount re-

maining due on account of the embezzlement, and the only question left open to the accused is the fact and amount of the embezzlement. It is provided that the judgment shall issue for double that amount, entirely irrespective of the question whether restitution has been made in whole or in part. Upon the only question therefore open to him Whitney had an opportunity to be heard, and, in point of fact, was heard. Upon his appeal, 53 Nebraska, 287, the amount of the embezzlement was expressly affirmed by the court (p. 304), and the claim that the restitution of the stolen property relieves the offender from criminal liability was pronounced "a monstrous doctrine," and it was said: "Whether or not Harlan County has been successful in collecting or securing the payment of the money which the defendant is charged with having embezzled, is of no consequence in this case." Whitney had full opportunity to present every defense allowed to him by the law of the State. The law itself was justified by the plenary power of the State, and neither it nor its administration in this case discloses any violation of a right secured by the Constitution of the United States, and the judgment of the Circuit Court is therefore

*Affirmed.*