STATE OF NEBRASKA, APPELLEE, V. DEWEY SWEDLAND ET
AL., APPELLANTS.

FILED JANUARY 23, 1926.   No. 23562.

1. **Criminal Law:** PENALTY. That part of section 9605, Comp. St.
   1922, providing that one violating its provisions shall "make
   restitution to the party injured in two-fold the value of the
   property stolen or destroyed, and be fined in a sum not exceed-
   ing one hundred dollars," inflicts but a single punishment.
2. ————: SUPERSEDEAS BOND: SATISFACTION. In a case where
   such restitution and fine were imposed and a supersedeas bond
   given under section 10180, Comp. St. 1922, which suspended the
   issuance of an execution, such bond is not satisfied by the sur-
   render of the body of defendant prior to the issuance of such
   execution and return thereof unsatisfied in whole or in part.

APPEAL from the district court for Kearney county:
WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*Bruckman & Paulson,* for appellants.

*O. S. Spillman, Attorney General,* and *George W. Ayres,*
contra.

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON
and EBERLY, JJ.

THOMPSON, J.
Defendant Dewey Swedland was charged with stealing
30 bushels of wheat of the value of $25 in Kearney county
under section 9605, Comp. St. 1922, and found guilty of
stealing such wheat to the value of $22.88. He was sen-
tenced to make restitution to the owner thereof in two-fold
this value, and pay a fine of $100, in accordance with the
punishment prescribed in such section. He filed the affi-
davit for prosecuting error to this court, requesting that
supersedeas bond be fixed, which bond was fixed in the sum
of $400, in accordance with section 10180, Comp St. 1922,
and in open court was furnished by appellants herein.
Error was prosecuted to this court, judgment of the district
court affirmed, and mandate issued and filed in the office of

the clerk of such court for Kearney county. Defendant Dewey Swedland then went to the sheriff and offered to surrender himself into custody, and the two went to the office of the county attorney, who said he would let him know later in regard to it. This was done with the knowledge of the bondsmen.

The county attorney, for and on behalf of the state, then filed a motion in the case, stating its history, and praying that default of bond as to each bondsman be had, judgment entered and execution ordered issued. · This motion was resisted by defendant Swedland individually, and by his bondsmen jointly, who had defendant in court and offered to surrender him. The case was heard by the court without a jury. Finding and judgment was entered against each of the bondsmen as prayed, and execution ordered. The case is brought to this court for reversal, presenting| for our determination the question: Were the bondsmen released upon the surrender of Dewey Swedland?

Appellants cite, among others, sections 10031, 10032, and 10033, Comp. St. 1922. That these sections are not applicable is shown by the fact that each and all are part of the chapter covering the giving of bond for the personal appearance of defendant prior to the trial, and not after, and · under conditions where the proper surrender of the accused constitutes a performance of the obligation, and meets all requirements of the law and of the record, wherein the punishment finds expression. Thus, we are left to an application of sections 9605, 10180, 10198, and 10202, Comp. St. 1922.

As to how the double restitution and fine imposed, as in this case, shall be enforced: The part of section 9605, *supra,* material here is:

"Every person so offending shall make restitution to the party injured in two-fold the value of the property stolen or destroyed, and be fined in any sum not exceeding one hundred dollars, or shall be imprisoned in the city or village jail subject to such labor on the streets or elsewhere as shall be required by the officer in charge of such jail for any time not exceeding thirty days."

Section 10198, *supra,* provides: "In all cases of misdemeanor in which courts or magistrates shall have power to fine any offender, and shall render judgment for such fine, it shall be lawful to issue executions for the same, with the costs taxed against such offender, to be levied on the goods and chattels of any such offender, and, for want of the same, upon the body of said offender, who shall thereupon be committed to the jail of the proper county until said fine and costs be paid, or secured to be paid, or the offender be otherwise discharged according to law."

This last-quoted section is followed by section 10202, *supra,* which reads: "It shall be the duty of the clerk of the district court to issue execution for every judgment rendered during the term, for fines and forfeited recognizance, and for the costs in such cases, which remain unpaid and unreplevied; and upon like condition each magistrate shall issue execution forthwith for fines and costs assessed by him."

The part of section 10180, *supra,* material here, providing for a supersedeas bond upon affidavit being filed, reads: "Said court shall fix the amount of a recognizance, which in all cases shall be reasonable, and such person or persons shall during the term of court enter into the same with good and sufficient sureties to be approved by the court, conditioned that said proceedings in error shall be prosecuted without delay and in case said judgment shall be affirmed he or they will abide, do and perform the judgment and sentence of the court."

Appellants contend that section 9605, *supra,* inflicts a double penalty for the same offense. This is answered by our holding in *Everson v. State,* 66 Neb. 154, wherein we held in construing a similar section: "The provisions of section 124 of the Criminal Code directing the assessment of a fine in double the amount embezzled, in addition to the imprisonment imposed in case of conviction, is not open to the objection that it inflicts a double penalty or punishment upon the defendant, or awards the injured party double damages." As is well said in *Coffey v. Harlan Coun-*

State v. Swedland.

*ty*, 204 U. S. 659 (a Nebraska case): "It is within the power of the state to enact laws creating and defining crimes against its sovereignty, regulating the procedure in the trial of those who are charged with committing them, and prescribing the character of the sentence which shall be awarded against those who have been found guilty. * * * As part of the consequences of a conviction of the crime of embezzlement by a public officer, the law of Nebraska provides that a fine double the amount embezzled shall be inflicted, which shall operate as a judgment against the estate of the convict. It is not of the slightest importance whether this fine is called a penalty, a punishment, or a civil judgment. Whatever it is called, it comes to the convict as the result of his crime." As a result of such crime, he must answer to the state, not to the party whose property he has stolen.

Appellants meet the sequence of such conclusion by an offer to surrender the body of defendant Dewey Swedland, with the expressed desire on the latter's part that he be committed to, and remain in, the county jail for a period of time sufficient, at the rate of $3 a day, to liquidate the fine and costs under the provisions of section 10206, Comp. St. 1922, which provides:

"Whenever it shall be made satisfactorily to appear to the district court, or to the county judge of the proper county, after all legal means have been exhausted, that any person who is confined in jail for any fine or costs of prosecution for any criminal offense, hath no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of the said court or judge to discharge such person from further imprisonment, for such fine and costs, which discharge shall operate as a complete release of such fine and costs: Provided, nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he or she may be sentenced to be imprisoned, as part of his or her punishment, nor until the convict shall have been imprisoned at least one day for every three dollars of the amount adjudged against him."

Under this record, such section is without application. Until execution is issued, and returned unsatisfied in whole or in part, the state is not in position to say, as by such section conditioned, that "all legal means have been exhausted." Then, this section applies only to one "who is confined in jail," and, as seen from section 10198, *supra,* in a case like this, the offender cannot be committed except for want of goods and chattels out of which to meet the demands of the execution.

If all that defendant desired was a review of the record by this court, the bond given was not necessary. If, however, he wanted to stay the enforcement of such judgment in the interim, such supersedeas bond, as in a civil case, became a necessity. And, as in a civil case, the bond obligates the parties thereto for its payment. If payment is not made, the state must first attempt to collect by execution. If by such the judgment is not satisfied, *then* it may take the body of such offender and commit it to jail until such fine and costs are paid or caused to be paid. The execution and its return unsatisfied in whole or in part must precede the taking of the body. The bond obligates each and every obligor thereof to answer the judgment of the court rendered thereon.

The judgment of the district court is

AFFIRMED.

Note—See Criminal Law, 16 C. J. sec. 3219; Bail, 6 C. J. sec. 314.