### UNITED FINANCE CORPORATION v. WOODRUFF, Judge, et al.

### No. 10732.

Court of Civil Appeals of Texas. Galveston.

Dec. 16, 1937.

Gammage, Gammage & Bauer, of Houston (Earl W. Gammage, of Houston, of counsel), for relator.

GRAVES, Justice.

This is an original application to this court by the Finance Corporation, as relator, for a writ of mandamus to issue against the Hon. Phil D. Woodruff, judge of the county court at law of Harris county, as respondent, compelling him in his official capacity to enter an order directing the sale of an automobile held in custodia legis in his court, pursuant to a writ of sequestration in accordance with articles 6859, 6860, and 6861.

The record discloses detailed compliance by relator with those articles, as well as all other applicable ones of Title 119 of our Statutes in so far as it relates to sequestration proceedings affecting personal property, and that, notwithstanding such full showing and the due and orderly presentation to him, the learned trial court, on September 21 of 1937, refused to enter the applied-for order of sale in this decree:

"And the Court, after considering said affidavit and certificate and the record in this cause, finds that a writ of Sequestration duly issued herein to Walter Williams, Constable, Precinct No. 2, Harris County, Texas, commanding him to levy upon and take into his possession the above described property, that said Constable duly levied on said property on August 27, 1937, that since the date of said levy, more than ten days has passed and the defendant Luther Lewis has failed to replevy said above described property, that the aforementioned affidavit and certificate requesting that I order the sale of the above described property, as required by article 6859, are in form in compliance with said article, but the Court is of the opinion that the entering of the order provided for in said article is a discretionary matter with the Court and should be refused, since plaintiff offered no evidence other than the aforementioned affidavit and certificate, and that within his discretion, the Court does not deem said sale advisable."

This order was improvident, in that no discretion was left in the judge in the circumstances thus undisputedly appearing under R.S. art. 6859, the terms of which are clearly mandatory.

Furthermore, while the matter does not seem to have been heretofore so ex-

pressly determined by an appellate court in Texas, it is held that an automobile may and should be considered to be "perishable property," as that term is used under the sequestration title of our Statutes, referred to supra, which provide for the sale of such property pending a trial of the cause in a court where it had been sequestered, as in this instance. 48 Corpus Juris, pp. 813, 814, under the title Perishable Property; Marston v. Rue, reported in 92 Wash. 129, 159 P. 111, 113, syllabus 10; Guitar v. First State Bank of Hermleigh et al., Tex.Civ.App., reported in 191 S.W. 860; Spencer Field & Co. v. Martin Broderick et al., reported in 12 La.Ann. 552.

Wherefore, the writ will issue in all respects as prayed for by the relator.

Writ of mandamus granted.

PLEASANTS, C. J., absent.