16690

SHIPMAN *ET AL.* v. DuPRE *ET AL.*
(73 S. E. (2d) 716)

476

*Messrs. Aaron Kravitch,* of Savannah, Ga., and *Joseph Fromberg,* of Charleston, *for Appellants,*

Messrs. *T. C. Callison, Attorney General,* and *James S. Verner, Asst. Attorney General,* of Columbia, *for Respondents,*

478

482

December 9, 1952.

PER CURIAM.

In 1949, appellants brought an action against respondents in the United States District Court for the Eastern District of South Carolina seeking to have declared unconstitutional, and to enjoin the enforcement of, several South Carolina statutes governing commercial shrimp fishing. The particular statutes challenged were Section 3403 of the Code of 1932; Section 3379 of the Code of 1942 as amended by Act No. 323 of the 1949 Acts of the General Assembly, 46 St. at L. 609; Sections 3310 and 3328 of the Code of 1942; and Section 3408 of the Code of 1942 as amended by Act No. 832 of the 1948 Acts of the General Assembly, 45 St. at L. 2058. The three-judge Federal District Court which was convened to hear the case upheld the statutes, denied an injunction and dismissed the complaint. *Shipman v. Dupre,* D. C., 88 F. Supp. 482. On appeal to the United States Supreme Court, is was held that the District Court erred in disposing of the complaint on the merits, since it did not appear that the statutory sections in question had been construed by the courts of this State. Accordingly, the judgment of the District Court was vacated and the cause "remanded to that court with directions to retain jurisdiction of the complaint for a reasonable time, to afford appellants an opportunity to obtain, by appropriate proceedings, a construction by the state court of the statutory provisions involved." *Shipman v. DuPre,* 339 U. S. 321, 70 S. Ct. 640, 641, 94 L. Ed. 877.

On October 7, 1950, the present action was commenced by appellants in the Court of Common Pleas for Beaufort

County, asking that Section 3403 of the 1932 Code, Sections 3310 and 3328 of the 1942 Code, Section 3379 of the 1942 Code as amended by Act No. 323 of the 1949 Acts of the General Assembly, 46 St. at L. 609, and Section 3408 of the 1942 Code as amended by Act No. 912, of the 1950 Acts of the General Assembly, 46 St. at L. 2233, be declared invalid and that the Court enjoin respondents from enforcing same. In an order filed on May 5, 1951, which will be reported, the Court below upheld the constitutionality of these statutes and dismissed the complaint.

All questions raised by appellants' exceptions are correctly disposed of in the foregoing order, which, for the reasons therein stated, is affirmed with the following modification.

The Act of 1949, 46 St. at L. 609, is in part as follows:

"At the time of securing said license for said boat the owner thereof shall file with the said Board of Fisheries a sworn statement giving the name and address of the Master or Captain of said shrimp boat. If said licensed shrimp trawler is found violating any fisheries law of this State it shall be presumed in all criminal and civil proceedings that the registered Master or Captain were in fact upon said boat, and said presumption shall be *prima facie* evidence of the presence of the Master or Captain upon said boat and operating same at the time of the violation of the law charged."

The Court below sustained the validity of the forgoing provision, including the presumption therein created. There is no exception by appellants as to this feature of the order, nor is this question mentioned in their brief. The constitutionality of the presumption set out in said statute is therefore not properly before us and we intimate no opinion thereabout. In the opinion of the District Court it was stated that the contention of the appellants as to the validity of this provision "was not seriously pressed in argument", 88 F. Supp. 490, and apparently appellants concluded not to raise it on this appeal.