222 S.C. 475 (1952)
73 S.E.2d 716
SHIPMAN ET AL.
v.
DuPRE ET AL.
16690
Supreme Court of South Carolina.
December 9, 1952.
*476 Messrs. Aaron Kravitch, of Savannah, Ga., and Joseph Fromberg, of Charleston, for Appellants.
*477 Messrs. T.C. Callison, Attorney General, and James S. Verner, Asst. Attorney General, of Columbia, for Respondents.
The following is the opinion of Judge Lewis in the Court below:
Certain phases of this matter have heretofore been passed on by the Federal Courts. D.C., 88 F. Supp. 482, and is *478 before this Court by virtue of an opinion by the United States Supreme Court, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877.
This action is instituted by the plaintiffs, commercial shrimp fishermen, against the South Carolina State Board of Fisheries, its members and certain officers thereof, seeking an adjudication that certain statutory laws of the State of South Carolina pertaining to the regulation of shrimp fishing are unconstitutional.
It appears that the questions raised by the pleadings concern the constitutionality of Section 3403, Code 1932, Sections 3408, as amended, 3310, 3379, as amended, and 3328, all of the 1942 Code of Laws. Under the statements by counsel of the issues to be determined, however, the questions involve only a consideration of Sections 3379, as amended by Act No. 323 of the 1949 Acts of the General Assembly, 46 St. at Large, p. 609, 3328 and 3408, as amended by Act No. 912 of the 1950 Acts of the General Assembly, 46 St. at Large, p. 2233.
Since the only question before me for determination in regard to Section 3408, as amended, relates to the forfeiture provisions of that Act, and the General Assembly by Act No. 912, supra, eliminated all forfeiture provisions therefrom, it is unnecessary to further consider that section.
This leaves the issues arising under Sections 3379, as amended, and Section 3328. They are considered in the order named.
By the pertinent portions of Section 3379, as amended, it is provided that, in addition to a fine or imprisonment as provided in other sections, any boat trawling for shrimp in the waters of South Carolina, without first securing a license so to do, shall be confiscated, with its rigging and equipment, to the State, and shall be sold by the State at public sale to the highest bidder for cash before the Court House door of the County in which captured, after giving 10 days notice of said sale in a newspaper published in said County.
*479 There are no other statutory provisions now in effect giving the right to confiscate boats or equipment used in shrimp fishing in the coastal waters of South Carolina.
It will be seen from the above stated provisions of Section 3379 that no right is given to confiscate property of shrimp fishermen who are licensed by the State of South Carolina under other provisions of this section. All of the plaintiffs are licensed by the State of South Carolina, and therefore no statutory right exists for the conscation of their boats, equipment, or cargo under any circumstances by the defendants, so long as they are so licensed.
Since the plaintiffs have paid their licenses required by the statutes of this State, thereby removing any possibility of forfeiture of their property, they have no standing to raise the constitutionality of the provisions of the statute under attack. The fact that some third party may be effected by these provisions under attack does not give the plaintiffs the right to raise such questions.
However, since all parties urge a decision as to the constitutionality of the forfeiture provisions of Section 3379, as amended, so that all question thereabout may be removed, and public interest dictating that such be done, I have concluded to treat the question as properly before the Court.
I find and hold that Section 3379, as amended by Act 323 of the 1949 Acts, is valid and constitutional for the following reasons:
1: The tax features are reasonable upon a proper classification and upon proper subject matter. Toomer v. Witsell, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460. It is within the taxing power of the State. Hay v. Leonard, 212 S.C. 81, 46 S.E. (2d) 653.
2: The provisions of the Act that the licensee give a sworn statement showing the name and address of the Master is certainly a valid exercise of police power of the State. No citation of authority is needed here.
*480 3: The presumption that the Captain or Master was on board the vessel at the time of the violation of any law is made a prima facie evidence rule. Such presumptions are constitutionally valid. See 12 Am. Jur., Constitutional Law, Section 552, page 248.
4: We now come to the penalty provisions of the law relating to forfeitures.
The 1949 Act provides first that its violator shall be fined or imprisoned as provided by Section 3407 of the 1942 Code. It goes on to provide for the confiscation of the boat, rigging and equipment if the boat, trawls without a license. This property is then to be sold after ten days public notice. I find these confiscation features, when construed with other applicable law fully constitutional for the following reasons:
a. The provisions of the Act relating to forfeitures do not violate due process. The right of the State to pass special forfeiture provisions has been sustained. C.J. Hendry Co. v. Moore, 318 U.S. 133, 63 S.Ct. 499, 87 L.Ed. 663. The State has a wide latitude of discretion in the matter of the amount of the penalty or forfeiture. This discretion is governed by the interests of the public, the normal opportunities for committing the offense and the amount necessary to secure a prompt compliance with the statutory enactment. The value of the boats owned by the plaintiffs vary from $4,000.00 to $14,000.00 each. The volume of business done according to the plaintiffs who testified is from $40,000.00 to $60,000.00 per year. The amount of the forfeiture considered in the light of the business transacted during a year cannot be considered so excessive or unreasonable as to violate due process when taken along with all of the other considerations upon which the legislative discretion may rest. See: St. Louis, Iron Mountain, & Southern Railway Company v. Williams, 251 U.S. 63, 40 S.Ct. 71, 64 L.Ed. 139.
b. Before the boat or property can be sold, there will have to be a conviction of the operator for operating without a license. The Act provides for the confiscation *481 "in addition to the punishment provided for in Section 3407." This meets the constitutional provisions of due process because it allows the parties charged a hearing and postpones a sale of the boat until determination of the criminal case against the operators, and conditions forfeiture upon a conviction of the criminal charge. Coffey v. Harlan County, 204 U.S. 659, 27 S.Ct. 305, 51 L.Ed. 666.
In addition, the owner of a boat sought to be confiscated has other remedies to test the legality of the forfeiture. See discussion thereabout in Shipman v. DuPre, D.C., 88 F Supp. 482, 487.
The remaining question arises under Section 3328. It is herein provided that:
"It shall be lawful for the inspectors to enter any and all premises, vessels, boats, houses, sheds or warehouses used in fishing or any fishing industry in the tide waters or coastal section of this State and to arrest, without warrant, all persons found actually violating the penal laws, contained in the coastal fisheries law."
Plaintiffs attack as unconstitutional these provisions allowing inspection and arrest without warrant on the premises of the shrimpers. This statute simply gives (1) the right to go upon the premises of shrimpers for the purpose of inspection and (2) the right of arrest without warrant all persons found actually violating the laws relating to coastal fishing. Plaintiffs are licensed by the State of South Carolina and operate under State supervision. No citation of authority is necessary for the well settled principle that under these circumstances the right of reasonable inspection on the part of the proper officers violates no constitutional provision. The power to arrest without warrant is not given except in those cases where the shrimpers are found actually violating the law. This is but an enactment of the well settled law that an officer may arrest without warrant for an offense committed in his presence. The position of the plaintiffs in regard to Section 3328 is without merit.
*482 The relief sought by the plaintiffs is conditioned upon the unconstitutionality of the Acts of the South Carolina General Assembly in question. The Court having concluded that the Acts contravene no constitutional provisions, the relief sought is denied and the complaint is dismissed.
And it is so Ordered.
December 9, 1952.
PER CURIAM.
In 1949, appellants brought an action against respondents in the United States District Court for the Eastern District of South Carolina seeking to have declared unconstitutional, and to enjoin the enforcement of, several South Carolina statutes governing commercial shrimp fishing. The particular statutes challenged were Section 3403 of the Code of 1932; Section 3379 of the Code of 1942 as amended by Act No. 323 of the 1949 Acts of the General Assembly, 46 St. at L. 609; Sections 3310 and 3328 of the Code of 1942; and Section 3408 of the Code of 1942 as amended by Act No. 832 of the 1948 Acts of the General Assembly, 45 St. at L. 2058. The three-judge Federal District Court which was convened to hear the case upheld the statutes, denied an injunction and dismissed the complaint. Shipman v. Dupre, D.C., 88 F. Supp. 482. On appeal to the United States Supreme Court, is was held that the District Court erred in disposing of the complaint on the merits, since it did not appear that the statutory sections in question had been construed by the courts of this State. Accordingly, the judgment of the District Court was vacated and the cause "remanded to that court with directions to retain jurisdiction of the complaint for a reasonable time, to afford appellants an opportunity to obtain, by appropriate proceedings, a construction by the state court of the statutory provisions involved." Shipman v. DuPre, 339 U.S. 321, 70 S.Ct. 640, 641, 94 L.Ed. 877.
On October 7, 1950, the present action was commenced by appellants in the Court of Common Pleas for Beaufort *483 County, asking that Section 3403 of the 1932 Code, Sections 3310 and 3328 of the 1942 Code, Section 3379 of the 1942 Code as amended by Act No. 323 of the 1949 Acts of the General Assembly, 46 St. at L. 609, and Section 3408 of the 1942 Code as amended by Act No. 912, of the 1950 Acts of the General Assembly, 46 St. at L. 2233, be declared invalid and that the Court enjoin respondents from enforcing same. In an order filed on May 5, 1951, which will be reported, the Court below upheld the constitutionality of these statutes and dismissed the complaint.
All questions raised by appellants' exceptions are correctly disposed of in the foregoing order, which, for the reasons therein stated, is affirmed with the following modification.
The Act of 1949, 46 St. at L. 609, is in part as follows:
"At the time of securing said license for said boat the owner thereof shall file with the said Board of Fisheries a sworn statement giving the name and address of the Master or Captain of said shrimp boat. If said licensed shrimp trawler is found violating any fisheries law of this State it shall be presumed in all criminal and civil proceedings that the registered Master or Captain were in fact upon said boat, and said presumption shall be prima facie evidence of the presence of the Master or Captain upon said boat and operating same at the time of the violation of the law charged."
The Court below sustained the validity of the forgoing provision, including the presumption therein created. There is no exception by appellants as to this feature of the order, nor is this question mentioned in their brief. The constitutionality of the presumption set out in said statute is therefore not properly before us and we intimate no opinion thereabout. In the opinion of the District Court it was stated that the contention of the appellants as to the validity of this provision "was not seriously pressed in argument", 88 F. Supp. 490, and apparently appellants concluded not to raise it on this appeal.