

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 5, 1977

The Honorable Ronald L. Wilson
Criminal District Attorney
405 County Courthouse
Galveston, Texas 77550

Opinion No. H-971

Re: Constitutionality
of sections 12.109 and
77.025, Parks and Wildlife
Code, relating to the
confiscation of shrimp.

Dear Mr. Wilson:

You have requested our opinion regarding two provisions
of the Parks and Wildlife Code. Section 77.025 provides:

> When an enforcement officer of the
> department believes that a person has
> unlawful possession of any shrimp taken in
> violation of this chapter, all shrimp
> aboard any vessel involved or in the trawl,
> whether in storage, on deck, and whether
> alive or dead, whole or headed, frozen or
> fresh, shall be deemed to have been taken
> in violation of the chapter and shall be
> confiscated by the arresting officer. The
> cargo of shrimp shall be sold to the highest
> of three bidders by the officer. The proceeds
> of the sale shall be deposited in the state
> treasury to the credit of suspense fund
> number 900, pending the outcome of the action
> taken against the person charged with the
> illegal possession. Unless the person is
> found guilty, all the proceeds shall be paid
> to the defendant.

Section 12.109 is to the same effect, except that its applica-
tion extends to "fish, oysters . . . or other marine life,"
as well as shrimp. You ask whether either of these statutes
might deprive a person of due process of law in violation of
the Fourteenth Amendment to the United States Constitution.

First, it is our opinion that the statute's standard of seizure by an enforcement officer when he "believes" that an individual has unlawful possession of shrimp will be interpreted by the courts of this state as requiring the constitutional standard of probable cause.  See Carroll v. United States, 267 U.S. 132 (1925).  For example, a Parks and Wildlife Department enforcement officer has reasonable or probable cause to believe that a Gulf operator is unlawfully in possession of marine life if he has in fact observed him shrimping in closed waters; therefore, there is no denial of due process when an individual is arrested and his shrimp is confiscated under these circumstances.  Second, we believe that the sale of the confiscated shrimp pursuant to the statutory provisions in section 77.025 and 12.109 of the Parks and Wildlife Code is not violative of the due process clause of the Fourteenth Amendment to the United States Constitution.  To begin with, the Submerged Lands Act of 1953, 43 U.S.C. § 1301 et. seq. (1970), declares that title to the natural resources within "navigable waters within the boundaries of the respective States" is vested in the respective States.  Id. § 1311(a).  Furthermore, the Act defines natural resources to include shrimp. Sec. 1301(e).  The recently enacted Texas Parks and Wildlife Code specifically states that "[a]ll the beds and bottoms and the products of the beds and bottoms . . . of that part of the Gulf of Mexico within the jurisdiction of this state are property of this state."  Sec. 1.011(c).  See generally McCready v. Virginia, 94 U.S. 391 (1876).  Section 1.011 also states that the Parks and Wildlife Department "shall regulate the taking and conservation of . . . shrimp.. . ."  Sec. 1.011(d).  Thus, title to game and fish or at least the regulation of their taking remains in the state until all requirements for their legal taking have been met.  See Geer v. Connecticut, 161 U.S. 519, 533 (1896); Sterrett v. Gibson, 168 S.W. 16, 19 (Tex. Civ. App. -- San Antonio 1914, no writ); Attorney General Opinion WW-672 (1959).  We are advised that the two statutes in question were enacted for the conservation and protection of shrimp as they migrate from nursery areas to the Gulf of Mexico, and we believe that the Legislature balanced the necessity of conserving these natural resources for the benefit of all the people as against the inconvenience caused by confiscation of illegally taken shrimp held by some operators.

In an earlier attack on similar shrimping regulations, a South Carolina statute "providing a closed season for catching . . . shrimps" was upheld as a valid exercise of legislative power.  Shipman v. DuPre, 88 F. Supp. 482, 488

(E. D. S.C. 1950), 339 U.S. 321 (1950), on remand 73 S.E.2d 716 (S.C. 1952).  On remand from the Supreme Court for statutory interpretation, the South Carolina Supreme Court held:

> The State has a wide latitude of discretion in the matter of the amount of the penalty. . . . This discretion is governed by the interests of the public, the normal opportunities for committing the offense and the amount necessary to secure a prompt compliance with the statutory enactment. Shipman v. DuPre, 73 S.E.2d 716, 718 (S.C. 1952).

In short, the regulation of coastal fisheries is "within the police power of the individual states." Corsa v. Tawes, 149 F. Supp. 771, 777-78 (D. Md.), aff'd 355 U.S. 37 (1957). The modern concept contemplating state control is "founded upon the power to regulate in the state the protection of these resources °fishl for all the people." Kake v. Egan, 174 F. Supp. 500, 502-04 (D. Alaska 1959), aff'd 369 U.S. 60 (1962).  Accord Glenovich v. Noerenberg, 346 F. Supp. 1286, 1291-93 (D. Alaska), aff'd 409 U.S. 1070 (1972), which involved the protection of migrating salmon.  Thus, the Legislature, in weighing the public interest in wildlife and the ease with which the shrimp may be illegally taken, took necessary action to secure compliance with closed seasons and provided proper penalties for such violations without denying due process to any Gulf operators.

If, for example, an individual is acquitted of the offense of illegal possession, "all the proceeds . . . [are] paid to the defendant," and, in such event, no deprivation of due process occurs.  Although the defendant is deprived of his catch, he receives its equivalent -- proceeds from the sale --and courts and legislatures have long recognized that perishable property may be sold pending trial.  See United Finance Corp. v. Woodruff, 112 S.W.2d 219, 220 (Tex. Civ. App. -- Galveston 1937, no writ); 7 C.J.S., Attachment § 319.

If a defendant is convicted under sections 77.025 or 12.109 of the Texas Parks and Wildlife Code, the confiscation of the illegally obtained shrimp does not violate due process because title remained in the state since the requirements for their legal taking were not met.  See Geer v.

Connecticut, supra. A problem may develop, however, if the defendant has comingled legally obtained shrimp with shrimp obtained in violation of the Shrimp Conservation Act, Chapter 77, Texas Parks and Wildlife Code. The statutes do not prohibit the court from awarding a convicted individual a portion of the proceeds representing his legal catch; however, it is our opinion that a convicted defendant is not denied due process even if the court refuses to do so since the defendant has

> the burden of pointing out his own goods, and, if this cannot be done, he must bear the loss that results from it. Holloway Seed Co. v. City National Bank, 47 S.W. 95, 97 (Tex. 1898).

Legislative discretion has reasonably determined that regulations and prohibitions for the taking of shrimp in closed season are necessary for the preservation of this natural resource of the state, and the public interest requires that any individual convicted under these statutes bear the burden of proving up the amount of his lawful catch. However, a defendant may file a claim under section e of article 18.17, Texas Code of Criminal Procedure, to obtain proceeds from the legally taken portion of the catch.

Finally, you suggest in your brief that the confiscation of the shrimp may act as a forfeiture which would oust a Justice of the Peace court of jurisdiction in favor of a district court under article 1906, V.T.C.S. However, a defendant can forfeit only shrimp that he owns. See 25 Tex. Jur.2d, Forfeitures §§ 1, 20. The Justice court decides whether a defendant has taken shrimp legally; a decision that he has not works no forfeiture but only locates title in the state, where it has always been. When the defendant cannot prove what portion of commingled shrimp he took legally, there is again no forfeiture, but merely a failure to prove that he acquired title. The defendant may recover the legally taken part of the catch through court order or petition under section 18.17 of the Code of Criminal Procedure. Thus, a disposition of the proceeds of the confiscated shrimp by a justice of the peace does not violate article 1906. In short, the Justice court decides whether the defendant violated the law and the disposal of the catch itself is provided for by statute. It is our

opinion, therefore, that neither section 77.025 nor section 12.109 of the Parks and Wildlife Code contravenes an individual's due process rights; instead, sections 77.025 and 12.109 are a valid exercise of the State's police power in the conservation of shrimp for the benefit of the people of the State of Texas.

### S U M M A R Y

Sections 77.025 and 12.109 of the Parks and Wildlife Code, which provide for the confiscation of all shrimp aboard a vessel upon which any shrimp have been unlawfully taken, does not deprive the owner of the shrimp of due process of law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml