## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-WAY COMPANY *v.* WILLIAMS ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 66. Argued November 11, 1919.—Decided December 8, 1919.

A railroad company in defense of an action for penalties imposed for exceeding passenger rates prescribed by a state law has no ground to claim that the penalties are unconstitutional in that, by their severity, they prevent resort to the courts to test the adequacy of the rates, when it did not avail itself of its opportunity to have such a test in a suit against the state railroad commission pending which the penalty provision could have been suspended by injunction, and when it did not question the prescribed rates in the action to collect the penalties. P. 65.

A provision for the collection of such penalties in an action by the aggrieved passenger and for his use irrespective of his private damages, is consistent with due process of law. P. 66.

In determining whether such penalties are so severe, oppressive, and unreasonable as to violate the due process clause, they should be tested not by comparison with the overcharges in particular instances but by the public interest in having the rates adhered to uniformly and the relation of the penalties to that object. *Id.*

131 Arkansas, 442, affirmed.

THE case is stated in the opinion.

*Mr. Robert E. Wiley*, with whom *Mr. Edward J. White* and *Mr. Edgar B. Kinsworthy* were on the brief, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

By a statute of Arkansas, regulating rates for the transportation of passengers between points within the State,

any railroad company that demands or collects a greater compensation than the statute prescribes is subjected "for every such offense" to a penalty of "not less than fifty dollars, nor more than three hundred dollars and costs of suit, including a reasonable attorney's fee," and the aggrieved passenger is given a right to recover the same in a civil action. Act April 4, 1887, Laws 1887, p. 227; Kirby's Digest, 1904, § 6620; Act March 4, 1915, Laws 1915, p. 365; Kirby & Castle's Digest, 1916, § 8094.

In June, 1915, a company operating a line of railroad within the State demanded and collected sixty-six cents more than the prescribed fare from each of two sisters carried over part of its line when returning to their home from a school commencement elsewhere in the State; and in suits separately brought for the purpose, and afterwards consolidated, these passengers obtained judgments against the company for the overcharge, a penalty of seventy-five dollars and costs of suit, including an attorney's fee of twenty-five dollars. The company appealed, asserting that the provision for the penalty was repugnant to the due process of law clause of the Fourteenth Amendment; but the Supreme Court of the State sustained the provision and affirmed the judgments. 131 Arkansas, 442. To obtain a review of that decision the company prosecutes this writ of error.

The grounds upon which the provision is said to contravene due process of law are, first, that the penalty is "so severe as to deprive the carrier of the right to resort to the courts to test the validity" of the rate prescribed, and, second, that the penalty is "arbitrary and unreasonable, and not proportionate to the actual damages sustained."

It is true that the imposition of severe penalties as a means of enforcing a rate, such as was prescribed in this instance, is in contravention of due process of law, where no adequate opportunity is afforded the carrier for safely testing, in an appropriate judicial proceeding, the validity

of the rate—that is, whether it is confiscatory or otherwise—before any liability for the penalties attaches. The reasons why this is so are set forth fully and plainly in several recent decisions and need not be repeated now. *Ex parte Young*, 209 U. S. 123, 147; *Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19, 53; *Missouri Pacific Ry. Co.* v. *Nebraska*, 217 U. S. 196, 207–208; *Missouri Pacific Ry. Co.* v. *Tucker*, 230 U. S. 340; *Wadley Southern Ry. Co.* v. *Georgia*, 235 U. S. 651, 659, *et seq.*

And it also is true that where such an opportunity is afforded and the rate is adjudged valid, or the carrier fails to avail itself of the opportunity, it then is admissible, so far as due process of law is concerned, for the State to enforce adherence to the rate by imposing substantial penalties for deviations from it. *Wadley Southern Ry. Co.* v. *Georgia, supra,* p. 667, *et seq.; Gulf, Colorado & Santa Fe Ry. Co.* v. *Texas*, 246 U. S. 58, 62.

Here it does not appear that the carrier had not been afforded an adequate opportunity for safely testing the validity of the rate, or that its deviation therefrom proceeded from any belief that the rate was invalid. On the contrary, it is practically conceded—and we judicially know—that if the carrier really regarded the rate as confiscatory, the way was open to secure a determination of that question by a suit in equity against the Railroad Commission of the State, during the pendency of which the operation of the penalty provision could have been suspended by injunction. *Wadley Southern Ry. Co.* v. *Georgia, supra.* See also *Allen* v. *St. Louis, Iron Mountain & Southern Ry. Co.*, 230 U. S. 553; *Rowland* v. *St. Louis & San Francisco R. R. Co.*, 244 U. S. 106; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *McKnight, ibid.* 368. And the record shows that at the trial the carrier not only did not raise any question about the correct fare, but proposed and secured an instruction to the jury wherein the prescribed rate was recognized as controlling.

It therefore is plain that the first branch of the com-
pany's contention cannot prevail.

The second branch is more strongly urged, and we now
turn to it.   The provision assailed is essentially penal,
because primarily intended to punish the carrier for
taking more than the prescribed rate.   *Railway Co.* v.
*Gill,* 54 Arkansas, 101, 106; *St. Louis, Iron Mountain &
Southern Ry. Co.* v. *Waldrop,* 93 Arkansas, 42, 45.   True,
the penalty goes to the aggrieved passenger and not the
State, and is to be enforced by a private and not a public
suit.   But this is not contrary to due process of law; for,
as is said in *Missouri Pacific Ry. Co.* v. *Humes,* 115 U. S.
512, 523, "the power of the State to impose fines and
penalties for a violation of its statutory requirements is
coeval with government; and the mode in which they
shall be enforced, whether at the suit of a private party,
or at the suit of the public, and what disposition shall be
made of the amounts collected, are merely matters of
legislative discretion."   Nor does giving the penalty to the
aggrieved passenger require that it be confined or pro-
portioned to his loss or damages; for, as it is imposed as a
punishment for the violation of a public law, the legisla-
ture may adjust its amount to the public wrong rather
than the private injury, just as if it were going to the
State.   See *Marvin* v. *Trout,* 199 U. S. 212, 225.

The ultimate question is whether a penalty of not less
than fifty dollars and not more than three hundred dollars
for the offense in question can be said to bring the pro-
vision prescribing it into conflict with the due process of
law clause of the Fourteenth Amendment.

That this clause places a limitation upon the power of
the States to prescribe penalties for violations of their
laws has been fully recognized, but always with the express
or tacit qualification that the States still possess a wide
latitude of discretion in the matter and that their enact-
ments transcend the limitation only where the penalty

prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable. *Coffey* v. *Harlan County*, 204 U. S. 659, 662; *Seaboard Air Line Ry.* v. *Seegers*, 207 U. S. 73, 78; *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86, 111; *Collins* v. *Johnston*, 237 U. S. 502, 510.

Of this penalty and the need for it the Supreme Court of the State says: "It is commonly known that carriers are not prone to adhere uniformly to rates lawfully prescribed and it is necessary that deviation from such rates be discouraged and prohibited by adequate liabilities and penalties, and we regard the penalties prescribed as no more than reasonable and adequate to accomplish the purpose of the law and remedy the evil intended to be reached." *Chicago, Rock Island & Pacific Ry. Co.* v. *Davis*, 114 Arkansas, 519, 525.

When the penalty is contrasted with the overcharge possible in any instance it of course seems large, but, as we have said, its validity is not to be tested in that way. When it is considered with due regard for the interests of the public, the numberless opportunities for committing the offense, and the need for securing uniform adherence to established passenger rates, we think it properly cannot be said to be so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable.

*Judgment affirmed.*

MR. JUSTICE MCREYNOLDS dissents.