JUSTICE HOFFMAN delivered the opinion of the court: The defendant, H.E. Miller, Sr., appeals from a judgment of the circuit court ordering him to pay a $1,172,100 penalty to the plaintiff, Lenora Miller, for knowingly failing to timely remit child support payments withheld from his employee’s wages. For the following reasons, we reverse and remand. On May 1, 2001, a judgment was entered dissolving the marriage of the plaintiff and Harold Miller. Pursuant to that judgment, Harold was obligated to pay the plaintiff $82 per week in child support. On May 8, 2001, an income withholding notice was served upon the defendant pursuant to section 35 of the Income Withholding for Support Act (Act) (750 ILCS 28/35 (West 2004)). Section 35 of the Act requires an employer, upon receipt of an income withholding notice, to deduct child support payments from an employee’s wages. 750 ILCS 28/35 (West 2004). The employer must remit the amount withheld to the State Disbursement Unit within seven days of the employee’s pay period. 750 ILCS 28/35 (West 2004). Section 35 of the Act also contains the following penalty provision: “If the payor knowingly fails to withhold the amount designated in the income withholding notice or to pay any amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, then the payor shall pay a penalty of $100 for each day that the amount designated in the income withholding notice (whether or not withheld by the payor) is not paid to the State Disbursement Unit after the period of 7 business days has expired.” 750 ILCS 28/35(a) (West 2004). In this case, the defendant was required to withhold $82 per week from Harold’s wages and forward that amount to the State Disbursement Unit. On October 12, 2001, the plaintiffs attorney sent the defendant a letter asserting that the defendant had failed to remit 19 weekly payments of $82. The letter, in relevant part, stated: “While it is not the intent of my client to pursue penalties at this time, she does require this money to live. Therefore, timely payments are mandatory.” On March 28, 2002, the plaintiff filed a complaint against the defendant, seeking 25 weeks of child support payments that the defendant allegedly withheld, but failed to timely remit. The plaintiff also sought a statutory penalty of $100 per day pursuant to section 35 of the Act. In his answer, the defendant raised the affirmative defenses of laches and the unconstitutionality of the Act. The plaintiff filed a motion to strike the defendant’s affirmative defenses pursuant to section 2 — 615 of the Code of Civil Procedure (735 ILCS 5/2 — 615 (West 2004)). The circuit court granted the motion in part and struck the defendant’s affirmative defense of the unconstitutionality of the Act. The circuit court also struck the affirmative defense of laches for the period after the plaintiff filed her complaint. On October 26, 2004, the plaintiff and the defendant entered into a stipulation of facts. The parties agreed that, between April 15, 2002, and October 4, 2004, the defendant withheld 128 child support payments from Harold’s wages, but failed to timely remit the payments to the State Disbursement Unit. The parties also agreed that the penalties for the defendant’s delay equaled $1,172,100. The circuit court entered a judgment against the defendant for $1,172,100 in statutory penalties pursuant to section 35 of the Act. This appeal followed. Initially, we address the defendant’s argument that the circuit court erred in not applying the doctrine of laches for the period after the plaintiff filed her complaint. Because this matter was disposed of at the trial level in response to the defendant’s motion to strike pursuant to section 2 — 615, the question before this court is whether the defendant’s affirmative defense of laches alleged facts sufficient to constitute a legally cognizable defense. Vermeil v. Jefferson Trust & Savings Bank, 176 Ill. App. 3d 556, 566, 532 N.E.2d 288 (1988). The issue presented is a question of law, and, consequently, our review is de novo. Bogner v. Villiger, 343 Ill. App. 3d 264, 268, 796 N.E.2d 679 (2003). A motion to strike an affirmative defense concedes all well-pleaded facts constituting the defense, together with all reasonable inferences that may be drawn therefrom. In re Estate of Davis, 225 Ill. App. 3d 998, 1000, 589 N.E.2d 154 (1992). An affirmative defense should not be stricken where the well-pleaded facts raise the possibility that the party asserting the defense will prevail. International Insurance Co. v. Sargent & Lundy, 242 Ill. App. 3d 614, 631, 609 N.E.2d 842 (1993). For the affirmative defense of laches to apply, the defendant must allege sufficient facts to establish: (1) lack of diligence by the party asserting the claim; and (2) prejudice to the- opposing party resulting from the delay. McDunn v. Williams, 156 Ill. 2d 288, 330-31, 620 N.E.2d 385 (1993). Even assuming a lack of diligence by the plaintiff in asserting her claim, the facts alleged by the defendant do not support his contention that he was prejudiced by any such delay. In his answer, the defendant alleged that he was “lulled *** into a sense of security” by: (1) the plaintiffs delay in filing her complaint for approximately one year; and (2) the statement in the October 12, 2001, letter that the plaintiff would not pursue civil penalties “at this time.” The defendant claimed that the plaintiffs actions caused him to believe that the plaintiff would never seek statutory penalties. Contrary to the defendant’s contentions, however, the $1,172,100 penalty imposed in this case was not caused by the plaintiffs delay in filing suit or the statement in the October 12, 2001, letter that civil penalties would not be pursued “at this time.” Rather, the penalty accrued because the defendant knowingly failed to remit child support withholdings in a timely fashion. See 750 ILCS 28/35(a) (West 2004). The defendant, and not the plaintiff, controlled the extent of the penalty. See In re Marriage of Chen, 354 Ill. App. 3d 1004, 1022, 820 N.E.2d 1136 (2004). We, therefore, conclude that defendant failed to allege sufficient facts to raise the affirmative defense of laches for the period after the complaint was filed. Accordingly, the circuit court properly struck the defendant’s affirmative defense of laches for that period. Next, the defendant contends that section 35 of the Act is unconstitutional. He argues that the $1,172,100 penalty imposed pursuant to this section of the Act deprived him of his property without due process of the law. The defendant does not assert that the $100-per-day penalty provision provided for under section 35 of the Act is unconstitutional on its face, but only maintains that Act is invalid as applied to him. Therefore, we consider whether the $100-per-day penalty provision, as applied to the facts of this case, violates due process. Statutes carry a strong presumption of constitutionality, and the party challenging the validity of a statute has the burden of clearly establishing that it is unconstitutional. In re Marriage of DeBates, 212 Ill. 2d 489, 509, 819 N.E.2d 714 (2004). Whenever reasonably possible, the constitutionality of a statute must be upheld. Illinois State Chamber of Commerce v. Filan, 216 Ill. 2d 653, 661, 837 N.E.2d 922 (2005). We review the constitutionality of a statute de novo. People ex rel. Sherman v. Cryns, 203 Ill. 2d 264, 290, 786 N.E.2d 139 (2003). Under the United States and Illinois Constitutions, a person cannot be deprived of property without due process of law. U.S. Const., amend. XIV¡ §1; Ill. Const. 1970, art. I, §2. Although the legislature has broad discretion in prescribing the penalties for violations of its laws (Missouri Pacific Ry. Co. v. Humes, 115 U.S. 512, 523, 29 L. Ed. 463, 466, 6 S. Ct. 110, 114 (1885)), the legislature’s power to fix penalties is subject to the requirements of due process. Waters-Pierce Oil Co. v. Texas, 212 U.S. 86, 111, 53 L. Ed. 417, 430, 29 S. Ct. 220, 227 (1909). A statutory penalty will survive a substantive due process challenge if it bears a rational relationship to a legitimate government purpose. People v. Farmer, 165 Ill. 2d 194, 207-08, 650 N.E.2d 1006 (1995); Heimgaertner v. Benjamin Electric Manufacturing Co., 6 Ill. 2d 152, 159, 128 N.E.2d 691 (1955). If a penalty is grossly excessive, it does not further a legitimate government purpose and constitutes an arbitrary deprivation of property. See State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 417, 155 L. Ed. 2d 585, 600, 123 S. Ct. 1513, 1520 (2003). Accordingly, the due process clause prohibits the legislature from imposing a statutorily created civil penalty “so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.” St. Louis, Iron Mountain & Southern Ry. Co. v. Williams, 251 U.S. 63, 66-67, 64 L. Ed. 139, 141, 40 S. Ct. 71, 73 (1919). In determining whether a civil penalty is disproportionate and unreasonable, the penalty is not compared to the actual damages sustained by a private party but, rather, to the public wrong the statute at issue is designed to remedy. St. Louis, Iron Mountain & Southern Ry. Co., 251 U.S. at 66, 64 L. Ed. at 140-41, 40 S. Ct. at 73. In enacting section 35 of the Act, the legislature sought to provide a simple and speedy method of obtaining payments from the wages of employees owing child support. Dunahee v. Chenoa Welding & Fabrication, Inc., 273 Ill. App. 3d 201, 205, 652 N.E.2d 438 (1995). To ensure compliance, section 35 of the Act imposes a daily penalty of $100 when an employer knowingly fails to timely withhold or remit a child support payment. Dunahee, 273 Ill. App. 3d at 206. On its face, the $100-per-day penalty provision rationally advances the State’s legitimate interest in encouraging the prompt payment of child support. However, when compared to the other penalties provided by the legislature for similar misconduct, we cannot conclude that the $1,172,100 penalty imposed in this case is constitutional. Under the Non-Support Punishment Act, the legislature has authorized a maximum fine of $25,000 for the criminal offense of a spouse’s willful failure to pay child support. See 750 ILCS 16/15(d) (West 2004). Thus, the $1,172,100 penalty imposed against the defendant in this case is approximately 47 times greater than the maximum criminal fine the legislature has found necessary to ensure a spouse’s compliance with a child support obligation. The gross disparity between the penalty applied in this case and the maximum criminal fine demonstrates that the $1,172,100 penalty is wholly disproportionate to the defendant’s offense and obviously unreasonable. See St. Louis, Iron Mountain & Southern Ry. Co., 251 U.S. at 66-67, 64 L. Ed. at 141, 40 S. Ct. at 73. Consequently, we conclude that section 35 of the Act is unconstitutional as applied to this case. The defendant’s failure to timely remit 128 weekly child support payments over a 2V2-year period is hardly exemplary and justifies a penalty. However, the $1,172,100 penalty imposed in this case is unconstitutionally severe. Accordingly, we remand this cause with directions to the circuit court that it hold a hearing to determine an appropriate penalty. See Hale v. Morgan, 22 Cal. 3d 388, 407, 584 P2d 512, 524, 149 Cal. Rptr. 373, 387 (1978). For the foregoing reasons, we reverse the judgment of the circuit court and remand this cause for further proceedings. Reversed and remanded. SOUTH, J., concurs.