PRESIDING JUSTICE WOLFSON, dissenting: This case reminds me of the story about the man who kills his parents and then asks for leniency because he is an orphan. Yes, $1,172,100 is a severe penalty. Then, again, Miller brought it on himself. I do not agree the penalty violated his right to due process of law. Nor do I agree the trial judge, on remand, has the power to reduce the amount of the penalty. There is one issue in this case. Miller does not deny he knowingly violated section 35 of the Act. He does not claim he did not know about the penalty, something that would be difficult to claim since the statute was printed on the other side of his income withholding notice. He does not deny that he simply chose to ignore the payment requirement, even though he did withhold the required amounts on occasion. He does not argue the trial judge had discretion to do anything other than what he did or that the amount of the penalty was not mandated by the statute. Nor does he claim he did not have adequate notice of the trial court proceeding or that he was denied the right to challenge the imposition of the penalty. He simply says it is too much money to survive a due process challenge. It is a mistake to give short shrift to the societal interests at stake in this case. Illinois has a strong interest in preserving and promoting the welfare of children. “Indeed, it is difficult to imagine a more compelling State interest than the support of children.” People ex rel. Sheppard v. Money, 124 Ill. 2d 265, 277, 529 N.E.2d 542 (1988). The $100-per-day penalty provision was enacted to ensure a speedy and simple method of withholding wages “in response to the nationwide crisis of delinquent child support.” Dunahee v. Chenoa Welding & Fabrication, Inc., 273 Ill. App. 3d 201, 205, 652 N.E.2d 438 (1995). The legislature’s purpose in enacting a mandatory penalty was to ensure the employer’s cooperation with the withholding mechanism. See Dunahee, 273 Ill. App. 3d at 206-08. Applying the penalty provision provides an incentive to withhold and send the child support payment in a timely manner, preventing the employer from using the funds for its own financial advantage. In re Marriage of Chen, 354 Ill. App. 3d 1004, 1016-17, 820 N.E.2d 1136 (2004); Dunahee, 273 Ill. App. 3d at 208-09. That is, the mandatory penalty serves to compensate the plaintiff for any hardship and would deter future noncompliance by the employer. Thomas v. Diener, 351 Ill. App. 3d 645, 651, 814 N.E.2d 187 (2004). It is important to note the penalty is triggered only by a knowing failure to withhold the funds or to pay them to the State Disbursement Unit. In Chen, the knowledge requirement was held to justify a $90,600 penalty challenged on due process grounds. See Chen, 354 Ill. App. 3d at 1023. I agree with the statement in Chen: “[I]t is the employer that controls the extent of the fine.” Chen, 354 Ill. App. 3d at 1022. To support its finding that due process was violated here, the majority cites two United States Supreme Court opinions—State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 155 L. Ed. 2d 585, 123 S. Ct. 1513 (2003), and St. Louis, Iron Mountain & Southern Ry. Co. v. Williams, 251 U.S. 63, 64 L. Ed. 139, 40 S. Ct. 71 (1919). State Farm Mutual concerned a successful claim that a jury award of punitive damages in a bad-faith-failure-to-settle case was so excessive that it violated State Farm’s right to due process. The case before us is not a tort action for damages. It involves a predictable and knowable statutory penalty. The interests at stake are different. The methods for assessing penalties are different. These distinctions were made in Chen, where the court rejected the defendant’s argument that State Farm Mutual supported its claim of deprivation of due process. See Chen, 354 Ill. App. 3d at 1022. In St. Louis, Iron Mountain & Southern Ry. Co., the railroad claimed an excessive penalty for its rate violation had been imposed. The Supreme Court rejected the railroad’s claim that the penalty was unconstitutionally severe and excessive “[w]hen it is considered with due regard for the interests of the public, the numberless opportunities for committing the offense, and the need for securing uniform adherence to established passenger rates.” St. Louis, Iron Mountain & Southern Ry. Co., 251 U.S. at 67, 64 L. Ed. at 141, 40 S. Ct. at 73. The majority, in what sounds more like an equal protection argument, observes that the Non-Support Punishment Act (750 ILCS 16/ 15(d) (West 2004)) authorizes a maximum $25,000 fine for the criminal offense of a parent’s willful failure to pay child support. True, but the point eludes me for two reasons. First, the statute also provides jail sentences for violation of its provisions, establishing a Class A misdemeanor and a Class 4 felony, depending on the circumstances. Second, it makes good sense not to impose a large fine on the parent when the first priority is to obtain funds for the support of the child. The majority remands this case with instructions that the trial court hold a hearing to determine an appropriate penalty. I have sympathy for the trial court. How is it going to change the terms of a mandatory statute? It cannot. Nor can we. See Michigan Avenue National Bank v. County of Cook, 191 Ill. 2d 493, 522, 732 N.E.2d 528 (2000). Certainly the majority offers no guidance. The citation to an appellate decision in California is not helpful. In Hale v. Morgan, 22 Cal. 3d 388, 584 P.2d 512, 149 Cal. Rptr. 375 (1978), the court did direct a trial judge to relitigate the amount a landlord had to pay as a result of willfully depriving a tenant of utility services. The statute appeared to be mandatory, but the court noted the trial judge could consider the extent to which the tenant was deprived of utility services. The statute in the instant case is mandatory and not subject to such tinkering. If the majority is correct about the due process violation and if reducing the penalty is not permissible, the statute is compromised. All an employer would have to do to evade any penalty is nothing, as Miller did here. It could pile up the nonpayments and, when called to account under the penalty provisions, contend it cannot be required to pay because the mandatory penalty is unconstitutionally excessive. That is, Miller would have to pay no penalty. I agree the penalty in this case is harsh. But Miller invited it by his indifference to his legal obligations. He virtually created his own due process issue. I do not think we should play into it. I think we should consider that life can be harsh for children who do not receive the financial support they require. I respectfully dissent.