**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GUADALUPE PEREZ-FARIAS; et al., | No. 10-35397 |
| Plaintiffs - Appellants, | D.C. No. 2:05-cv-03061-RHW |
| v. | MEMORANDUM[*] |
| GLOBAL HORIZONS, INC; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted July 12, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

Plaintiffs Jose Guadalupe Perez-Farias, Jose F. Sanchez, and Ricardo

Betancourt (Workers) brought this action, as class representatives, against Global

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for Eastern New York, Brooklyn, sitting by designation.

Horizons, Inc. (Global); Green Acre Farms, Inc., Valley Fruit Orchards, LLC, (collectively, Growers); and, Platte River Insurance Company. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM in part, REVERSE in part, and REMAND.

On December 5, 2011, after withdrawing our previous memorandum disposition, we certified three questions to the Washington Supreme Court regarding the statutory damages provision under the Washington Farm Labor Contractors Act (FLCA), Chapter 19.30, Wash. Rev. Code. On September 27, 2012, the court answered those questions. The Washington Supreme Court held that, when a trial court awards statutory damages under the FLCA, it "must award statutory damages of $500 per plaintiff per violation." *Perez-Farias v. Global Horizons, Inc.*, 286 P.3d 46, 52 (Wash. 2012).

1.     Based on the Washington Supreme Court's construction of the FLCA's statutory damages provision, we conclude that the district court erred when it awarded Workers less than the full amount of statutory damages provided for by the FLCA. In other words, when the district court decided to award statutory damages, it was required to award $500 per plaintiff per violation, for a statutory damages award totaling $1,998,500.

The full amount of statutory damages does not violate federal due process law because is not "so severe and oppressive as to be wholly disproportioned [sic] to the offense and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66 (1919); *see also United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992). Washington state public policy or due process principles also do not require a reduction of the award. *Perez-Farias*, 286 P.3d at 54. Thus, we reverse the district court's award of statutory damages. The district court is directed to enter judgment for Workers in the amount of $1,998,500.[1]

Because the FLCA creates legal rights, Workers have standing under both federal and state law to seek statutory damages by showing a violation of those rights. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973); *Perez-Farias*, 286 P.3d at 54. Proof of injury from each class member is not required. *See Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1306 (9th Cir. 1990).

2.     We remand the issue of attorneys' fees under the FLCA, Wash. Rev. Code § 19.30.170(1), for further proceedings consistent with this disposition. Under Washington law, "[a] 'prevailing party' is any party that receives some judgment in its favor. If neither party completely prevails, the court must decide which, if

---

[1]     Because reviewing the purported legislative history of the FLCA is unnecessary to resolution of this issue, we deny Workers' motion to take judicial notice of these materials.

3

either, substantially prevailed. This question depends upon the extent of the relief afforded the parties." *Guillen v. Contreras*, 169 Wash. 2d 769, 775, 238 P.3d 1168, 1171 (Wash. 2010) (en banc) (internal quotation marks, alteration, and citations omitted).

Under the FLCA, Workers could only obtain statutory damages *or* actual damages. Wash. Rev. Code § 19.30.170(2). Workers opted for statutory damages, which they were awarded. Therefore, whether actual damages were awarded is irrelevant to determining who is the prevailing party.

3.      Workers waived their right to a jury trial regarding the discrimination claims regarding "any claim for any liability . . . insofar as the [G]rower defendants are concerned." Normally, Workers could rely on Global's assertion of its right to a jury trial. *See DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 832 (9th Cir. 1963). However, Workers (1) consented to a bench trial on all issues *before* Global was relieved from the district court's adverse summary judgment ruling; (2) failed to clarify their rights before trial; and, (3) participated in a trial in which Growers did not participate in jury selection, opening, or closing arguments. These actions by Workers constitute waiver of their Seventh Amendment right to a jury trial as to "any claim" of Growers' liability. *See White v. McGinnis,* 903 F.2d 699, 703 (9th Cir. 1990). Accordingly, the district court's Findings of Fact and

4

Conclusions of Law with respect to Growers' liability on the discrimination claims are affirmed.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** to the district court for further proceedings consistent with this disposition.  Each party shall bear its own costs.