# United States Court of Appeals
## For the First Circuit

No. 12-2146

SONY BMG MUSIC ENTERTAINMENT, ET AL.,

Plaintiffs, Appellees,

v.

JOEL TENENBAUM,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Rya W. Zobel, U.S. District Judge]

Before
Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

K.A.D. Camara, with whom Camara & Sibley LLP, Paul J. Pape, Nicolas M. Rouleau, Pape Barristers PC and Charles R. Nesson were on brief, for appellant.

Paul D. Clement, with whom Erin E. Murphy, Bancroft PLLC, Jennifer L. Pariser, Recording Industry Association of America, Matthew J. Oppenheim, Oppenheim + Zebrak, LLP, Timothy M. Reynolds and Bryan Cave LLP were on brief, for appellees Sony BMG Music Entertainment; Warner Bros. Records, Inc.; Arista Records LLC and UMG Recordings, Inc.

Jeffrey Clair, Attorney, Appellate Staff, Civil Division, U.S. Department of Justice, with whom Stuart F. Delery, Acting Assistant Attorney General, Carmen Milagros Ortiz, United States Attorney, and Scott R. McIntosh, Attorney, Appellate Staff, were on brief, for appellee United States.

Robert Alan Garrett, R. Reeves Anderson, and Arnold & Porter LLP on brief for the Motion Picture Association of America, Inc., Amicus Curiae.

June 25, 2013

**HOWARD, Circuit Judge**. Joel Tenenbaum illegally downloaded and distributed music for several years. A group of recording companies sued Tenenbaum, and a jury awarded damages of $675,000, representing $22,500 for each of thirty songs whose copyright Tenenbaum violated. Tenenbaum appeals the award, claiming that it is so large that it violates his constitutional right to due process of law. We hold that the award did not violate Tenenbaum's right to due process, and we affirm.

## I. Background

From 1999 to at least 2007, Tenenbaum downloaded and distributed copyrighted music without authorization, using various peer-to-peer networks.[1] Tenenbaum knew that his conduct was illegal, but he pressed on, ignoring warnings from his father, his college, and recording companies. In 2007, Sony BMG Music Entertainment, Warner Bros. Records Inc., Arista Records LLC, Atlantic Recording Corporation,[2] and UMG Recordings, Inc. (together, "Sony"), sued Tenenbaum under the Copyright Act, 17 U.S.C. § 101 et seq., for statutory damages and injunctive relief. Sony pursued claims for thirty copyrighted works, although Tenenbaum had apparently distributed far more. During discovery,

---

[1] For more discussion of the facts of this case, see Sony BMG Music Entertainment v. Tenenbaum (Tenenbaum II), 660 F.3d 487, 490-96 (1st Cir. 2011).

[2] Atlantic Recording Corporation was dismissed from the case on July 20, 2009.

-2-

Tenenbaum lied about his activities, blaming unidentified burglars and a foster child living in his parents' home, among others. Only at trial did Tenenbaum admit that he had distributed as many as five thousand songs.

The district court held as a matter of law that Tenenbaum had violated the Copyright Act, and a jury found that Tenenbaum's violations were willful. The court instructed the jury that the Copyright Act provides for damages between $750 and $150,000 for each willful violation. 17 U.S.C. § 504(c). The court also gave the jury a set of non-exhaustive factors that it might wish to consider in issuing its award, including the nature of the infringement; the defendant's purpose and intent; the profit that the defendant reaped, if any, or the expense that the defendant saved; the revenue lost by the plaintiff as a result of the infringement; the value of the copyright; the duration of the infringement; the defendant's continuation of infringement after notice or knowledge of copyright claims; and the need to deter this defendant and other potential infringers. The jury awarded Sony $22,500 for each of Tenenbaum's thirty violations (15% of the statutory maximum), for a total award of $675,000. Tenenbaum moved for a reduction in the award, arguing that remittitur was appropriate and that the award was so high that it violated his right to due process. The court bypassed the issue of remittitur and held that the award violated due process, reducing it to

$67,500.  Sony BMG Music Entm't v. Tenenbaum, 721 F. Supp. 2d 85 (D. Mass. 2010).  In doing so, the court relied on BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), in which the Supreme Court held that an excessive award of punitive damages can violate due process.

Sony appealed the reduction of the award.  We vacated the district court's judgment, holding that the principle of constitutional avoidance required the court to address the issue of remittitur before determining whether the award violated due process.  Sony BMG Music Entm't v. Tenenbaum (Tenenbaum II), 660 F.3d 487, 508-15 (1st Cir. 2011).  We also suggested that if the district court were to evaluate the constitutionality of the award on remand, it should rely not on Gore, but on St. Louis, I.M. & S. Ry. Co. v. Williams, 251 U.S. 63 (1919), in which the Supreme Court considered the constitutionality of an award of statutory damages. Tenenbaum II, 660 F.3d at 512-13.

On remand,[3] the district court decided that remittitur was inappropriate and that the original award of $675,000 comported with due process, relying on Williams.  Sony BMG Music Entm't v. Tenenbaum (Tenenbaum III), No. 07-cv-11446, 2012 WL 3639053 (D. Mass. Aug. 23, 2012).  Tenenbaum now appeals the decision on

---

[3] Judge Gertner, who had presided over Tenenbaum's trial, retired while the appeal was pending.  The case was remanded to Judge Zobel.

the constitutionality of the damage award, but not the decision on remittitur.

## II. Analysis

This appeal presents two questions. First, what is the correct standard for evaluating the constitutionality of an award of statutory damages under the Copyright Act? Second, did the award of $675,000 violate Tenenbaum's right to due process? We review these questions of law de novo. See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc., 532 U.S. 424, 436 (2001).

A. Evaluating the Constitutionality of Statutory Damages

In Williams, the Supreme Court considered a challenge to an Arkansas statute that subjected railroads to penalties of 50 to 300 dollars, plus costs, for each offense of charging passengers fares that exceeded legal limits. See Williams, 251 U.S. at 64. After the St. Louis, I.M. & S. Railroad collected from two passengers a fare of 66 cents more than the law allowed, the passengers brought suit pursuant to the statute. Id. Each passenger obtained a judgment of 75 dollars plus fees--an award within the statutory range. Id. The railroad challenged the statutory award as unconstitutionally excessive under the Due Process Clause. Id. The Court rejected the railroad's due process argument, holding that a statutory damage award violates due process only "where the penalty prescribed is so severe and

-5-

oppressive as to be wholly disproportioned to the offense and obviously unreasonable." Id. at 66-67.

Gore and its progeny, which Tenenbaum argues should apply here, address the related but distinct issue of when a jury's award of punitive damages is so excessive that it violates due process. See Gore, 517 U.S. at 574. In Gore, the Court, animated by the principle that due process requires that civil defendants receive fair notice of the severity of the penalties their conduct might subject them to, id., identified three "guideposts" for a court's consideration of whether a punitive damage award is so excessive that it deprives a defendant of due process: (1) the degree of reprehensibility of the defendant's conduct, id. at 575–80, (2) the ratio of the punitive award to the actual or potential harm suffered by the plaintiff, id. at 580–83, and (3) the disparity between the punitive award issued by the jury and the civil or criminal penalties authorized in comparable cases, id. at 583–85.

Here, the district court correctly chose to apply the Williams standard. By its own terms, Williams applies to awards of statutory damages, which the jury awarded in this case, while Gore applies to awards of punitive damages, which the jury did not award. Gore did not overrule Williams, and the Supreme Court has not suggested that the Gore guideposts should extend to constitutional review of statutory damage awards. The concerns regarding fair notice to the parties of the range of possible

-6-

punitive damage awards, which underpin <u>Gore</u>, are simply not present in a statutory damages case where the statute itself provides notice of the scope of the potential award.  Moreover, <u>Gore</u>'s second and third guideposts cannot logically apply to an award of statutory damages under the Copyright Act.  The second due process guidepost requires a comparison between the award and the harm to the plaintiff, but a plaintiff seeking statutory damages under the Copyright Act need not prove actual damages.  <u>F.W. Woolworth Co.</u> v. <u>Contemporary Arts, Inc.</u>, 344 U.S. 228, 233 (1952).  The third guidepost requires a comparison between the award and the authorized civil and criminal penalties in comparable cases.  Because an award of statutory damages is by definition an authorized civil penalty, this guidepost would require a court to compare the award to itself, a nonsensical result.  Therefore, we conclude, as have other courts, that the standard articulated in <u>Williams</u> governs the review of an award of statutory damages under the Copyright Act.  <u>See</u> <u>Capitol Records, Inc.</u> v. <u>Thomas-Rasset</u>, 692 F.3d 899, 907 (8th Cir. 2012); <u>Zomba Enters., Inc.</u> v. <u>Panorama Records, Inc.</u>, 491 F.3d 574, 587 (6th Cir. 2007).

### B. Constitutionality of the Award Against Tenenbaum

To determine whether "the penalty prescribed [against Tenenbaum] is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable," <u>Williams</u>, 251 U.S. at 66-67, we will examine the purpose of

-7-

statutory damages under the Copyright Act, as well as Tenenbaum's behavior.

Statutory damages under the Copyright Act are designed not only to provide "reparation for injury," but also "to discourage wrongful conduct." F.W. Woolworth Co., 344 U.S. at 233. As we explained in Tenenbaum II, in 1999 Congress increased the minimum and maximum statutory awards under the Copyright Act because of new technologies that would allow Internet users to steal copyrighted works. 660 F.3d at 500. At trial, Sony presented evidence that Tenenbaum's activities led to the same type of harm that Congress foresaw: loss of the value of its copyrights, reduced income and profits, and job losses. Id. at 502-03.

On appeal, Tenenbaum invites us to assume that he is "the most heinous of noncommercial copyright infringers." We need not go so far as to accept his offer.[4] The evidence of Tenenbaum's copyright infringement easily justifies the conclusion that his conduct was egregious. Tenenbaum carried on his activities for years in spite of numerous warnings, he made thousands of songs available illegally, and he denied responsibility during discovery. Much of this behavior was exactly what Congress was trying to deter when it amended the Copyright Act. Therefore, we do not hesitate

---

[4] In Tenenbaum II, we rejected Tenenbaum's argument that the Copyright Act distinguishes between "consumer" and "non-consumer" infringement. 660 F.3d at 498.

to conclude that an award of $22,500 per song, an amount representing 15% of the maximum award for willful violations and less than the maximum award for non-willful violations, comports with due process.

Tenenbaum argues that the award of $675,000 violates due process because it is not tied to the actual injury that he caused, which he estimates to be no more than $450, or the cost of 30 albums at $15 each. But this argument asks us to disregard the deterrent effect of statutory damages, the inherent difficulty in proving damages in a copyright suit, and Sony's evidence of the harm that it suffered from conduct such as Tenenbaum's. More importantly, the Supreme Court held in Williams that statutory damages are not to be measured this way:

> Nor does giving the penalty to the aggrieved [party] require that it be confined or proportioned to his loss or damages; for, as it is imposed as a punishment for the violation of a public law, the Legislature may adjust its amount to the public wrong rather than the private injury, just as if it were going to the state.

251 U.S. at 66; see also Thomas-Rasset, 692 F.3d 899 at 909-10 (rejecting, in a case with similar facts, the district court's conclusion that "statutory damages must still bear some relation to actual damages"). For these reasons, we find Tenenbaum's arguments unpersuasive.[5]

---

[5] Tenenbaum asks us to remand the case for a new trial at which the jury will not be told the maximum award of damages, but

## III. Conclusion

For the reasons stated above, the jury's award of $675,000 did not violate Tenenbaum's right to due process. The judgment of the district court is **affirmed**.

---

will be instructed that proportionate damages would be three times the statutory minimum award. <u>Tenenbaum II</u> forecloses this remedy. 660 F.3d at 503-05 (citing <u>Feltner</u> v. <u>Columbia Pictures Television, Inc.</u>, 523 U.S. 340 (1998)).