**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TWO PLUS TWO PUBLISHING, LLC, | No. 12-16694 |
| Plaintiff - Appellee, | D.C. No. 2:09-CV-02318-KJD-VCF |
| v. | |
| JACKNAMES.COM, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| RUSSELL BOYD, AKA Dutch, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted January 22, 2014[**]

Before: D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Russell Boyd ("Boyd") appeals pro se the entry of judgment for Two Plus Two Publishing, Inc. ("Two Plus Two"). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1331. We affirm.

1.      The district court did not err in concluding that Boyd had sufficient notice of Two Plus Two's mark. Boyd admitted that he became aware of the mark in January 1999. In addition, Boyd agreed to terms and conditions that contained notice of Two Plus Two's mark when he became a registered user of Two Plus Two's online forums.

2.      The district court did not err in concluding Two Plus Two's mark is inherently distinctive. Two Plus Two offered evidence that (1) its marks "are among the most recognized and respected names" in the poker and gaming world, (2) it has sold more than two million books worldwide and (3) it has 250,000 unique members in its online forums. Boyd offered no competing evidence. The district court did not err in holding that the marks "are arbitrary and fanciful and, therefore, inherently distinctive." *See, e.g.*, *Wal-Mart Stores, Inc v. Samara Bros., Inc.*, 529 U.S. 205, 210–11 (2000) ("[W]ord marks that are 'arbitrary' ('Camel' cigarettes) [or] 'fanciful' ('Kodak' film), or 'suggestive' ('Tide' laundry detergent) are held to be inherently distinctive.").

3.      The district court did not err in concluding that Boyd acted in bad faith.

2

There are nine non-exhaustive factors a court may consider to determine whether a defendant has acted in bad faith. 15 U.S.C. § 1125(d)(1)(B)(i). The district court found that seven of these factors weighed heavily in favor of finding bad faith, and Boyd offered no evidence to show that any of the nine factors weighed in his favor.

4. The district court did not err in calculating statutory damages rather than holding a jury trial on that issue because the ACPA allows for statutory damages between $1,000 and $100,000, "as the court considers just." 15 U.S.C. § 1117(d) (discussing § 1125(d)(1)); *see also GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011) (declining to decide whether and to what extent the Seventh Amendment requires a jury trial to determine statutory damages under the ACPA).

5. The statutory damages awarded to Two Plus Two are not equivalent to punitive damages. Legislatures possess wide discretion to impose statutory damages, and only damages that are "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable" are prohibited. *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66–67 (1919). We have not applied *BMW of North America, Inc v. Gore*, 517 U.S. 559, 568 (1996), to statutory damages.

6. The district court did not err in concluding that this case is an exceptional

one warranting attorneys fees. "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A trademark case is "exceptional" when "the infringement is . . . deliberate or willful," as here. *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993). Bad faith also makes this case "exceptional." *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997).

7. The district court did not abuse its discretion in concluding that laches does not apply to this matter because "laches does not bar suit against a deliberate infringer." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956 (9th Cir. 2001).

8. Boyd did not oppose the imposition or calculation of prejudgment interest before the district court. He has therefore waived this issue on appeal. *Scott v. Ross*, 140 F.3d 1275, 1283 (9th Cir. 1998); *see also Ghazli v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure.").

**AFFIRMED.**